Aaron Thompson (SBN: 272391)
aaron.thompson@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 S. Grand Ave. Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile:  (213) 443-5400

Todd Zubler (*pro hac vice*)
todd.zubler@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile:  (202) 663-6363

Mark G. Matuschak (*pro hac vice*)
mark.matuschak@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile:  (617) 526-5000

Attorneys for Plaintiff
*Intel Corporation*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Intel Corporation<br><br>            Plaintiff,<br><br>     vs.<br><br>Nexus Display Technologies LLC<br><br>            Defendant. | Case No. 2:15-cv-2142-TJH-JC<br><br>**COUNTERCLAIM DEFENDANT INTEL CORPORATION'S ANSWER, DEFENSES AND COUNTERCLAIMS IN REPLY TO NEXUS'S COUNTERCLAIM**<br><br>Demand for Jury Trial |

| | |
|---|---|
| 1 | |
| 2 | Nexus Display Technologies LLC |
| 3 |     Counterclaim-Plaintiff, |
| 4 |  vs. |
| 5 | Intel Corporation |
| 6 |     Counterclaim-Defendant. |

Plaintiff and Counterclaim-Defendant Intel Corporation ("Intel") responds as follows to the Counterclaim filed on June 19, 2015 by Defendant and Counterclaim-Plaintiff Nexus Display Technologies LLC ("Nexus").

Intel responds to Nexus's individual allegations using the same paragraph numbers that appear in the Counterclaim. All allegations not expressly admitted below are denied.

## THE PARTIES[1]

1. Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and therefore denies them.

2. Intel admits that it is a Delaware corporation with its principal place of business at 2200 Mission College Blvd., Santa Clara, California 95054.

## JURISDICTION AND VENUE

3. No answer is required to the allegations contained in paragraph 2, which state conclusions of law.

4. Intel admits that this Court may exercise personal jurisdiction over Intel.

5. No answer is required to the allegations contained in the first sentence of paragraph 2, which state conclusions of law. Intel is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 2, and therefore denies them.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,599,439

6. Intel admits that U.S. Patent No. 7,599,439 ("the '439 patent") is entitled "Method and System for Transmitting N-Bit Video Data Over a Serial

---

[1] Intel does not admit any of the allegations contained in Nexus's headings.

1  Link," and was issued on October 6, 2009, but denies any remaining allegations
2  contained in the first sentence of paragraph 3.  Intel is without knowledge as to the
3  truth of the allegations concerning whether Nexus holds all rights, title, and interest
4  in and to the '439 patent and therefore denies those allegations.  Intel denies all
5  remaining allegations contained in paragraph 6.

6       7.     Intel denies the allegations contained in paragraph 7.

7       8.     Intel denies the allegations contained in paragraph 8.

8       9.     Intel admits that Intel was informed by Dell Inc. ("Dell") that Nexus
9  had asserted the '439 patent against Dell in the United States District Court for the
10 Eastern District of Texas, but denies all other allegations contained in the first
11 sentence of paragraph 9.  Intel is without knowledge or information sufficient to
12 form a belief as to the truth of the remaining allegations contained in paragraph 9,
13 and therefore denies them.

14
15 **JURY DEMAND**
16      10.     No answer is required to the allegations of paragraph 10, in which
17 Nexus merely requests a trial by jury.  Intel demands a trial by jury on all issues so
18 triable.

19
20 **PRAYER FOR RELIEF**
21      Intel denies all allegations contained in the "Prayer for Relief," and states
22 that Nexus is not entitled to any form of relief whatsoever.

23
24 **INTEL'S AFFIRMATIVE DEFENSES**
25      Without admitting or acknowledging that Intel bears the burden of proof as
26 to any of them, Intel asserts the following defenses:

27
28

## FIRST DEFENSE

### (Non-Infringement)

11.  Nexus is not entitled to any relief against Intel because Intel has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any valid claim of the '439 patent.

## SECOND DEFENSE

### (No Willful Infringement)

12.  Nexus is not entitled to any relief against Intel because Intel has not willful infringed and is not willfully infringing the '439 patent.

## THIRD DEFENSE

### (Invalidity)

13.  The '439 patent is invalid for failure to satisfy one or more of the requirements for patentability specified in 35 U.S.C. § 100 et seq., including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

## FOURTH DEFENSE

### (Prosecution History Estoppel)

14.  Nexus's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and/or admissions made during prosecution of the patent application resulting in the '439 Patent.

## FIFTH DEFENSE

### (Unenforceability)

15.  The '439 patent is unenforceable against Intel because of estoppel, laches, waiver, unclean hands, patent exhaustion, implied license, and/or other equitable doctrines.

## SIXTH DEFENSE

## (Limitations on Damages)

16. Nexus's alleged damages are limited because Nexus has not satisfied the requirements for obtaining damages under 35 U.S.C. §§ 286 and 287, and the limitations period further bars past damages claims.

## SEVENTH DEFENSE

## (Limitations on Damages to Reasonable and Non-Discriminatory Terms)

17. Silicon Image, Inc. ("Silicon Image"), the previous owner of the '439 patent and predecessor-in-interest to Nexus, committed, in accordance with the relevant rules and intellectual property rights policies of the applicable Standard Setting Organization ("SSO") – *i.e.*, the Video Electronics Standards Association ("VESA") – to grant licenses under the '439 patent on reasonable and non-discriminatory ("RAND") terms and conditions. These RAND obligations are found in the Intellectual Property Rights policy adopted by VESA, including but not limited Exhibit C to VESA Policy #200B.

18. Nexus, as purported owner-by-assignment of the '439 patent, is bound by the agreements, licenses, covenants, obligations, and promises related to the '439 patent, including Silicon Image's October 17, 2012 agreement to grant licenses to the '439 patent on reasonable and non-discriminatory terms and conditions pursuant to Exhibit C of VESA Policy #200B.

19. As a beneficiary of the rules and intellectual property rights policies of the relevant SSO, Intel has the right to be offered RAND terms and conditions for a license to the '439 patent. Nexus's obligations limit the damages, if any, available to Nexus in this action.

## EIGHTH DEFENSE

### (No Injunctive Relief)

20. To the extent that Nexus seeks injunctive relief for alleged infringement, the relief it seeks is unavailable because seeking injunctive relief is contrary to its commitment to VESA to license the '439 patent on RAND terms and Intel's irrevocable right to obtain a license by virtue of Nexus's RAND commitments; the alleged injury to Nexus is not immediate or irreparable; and Nexus has an adequate remedy at law for any alleged injury.

## NINTH DEFENSE

### (Additional Affirmative Defenses)

21. Intel reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case.

## INTEL'S COUNTERCLAIMS IN REPLY

Intel alleges Counterclaims in Reply against Nexus as follows:

### THE PARTIES

1. Intel is a Delaware Corporation with its principal place of business at 2200 Mission College Blvd., Santa Clara, California, 95054.

2. Nexus is a Texas limited liability company that purports to have its principal place of business at 2400 Dallas Parkway, Suite 200, Plano, Texas 75093.

3. On information and belief, Nexus purports to be the assignee of the '439 patent, previously assigned to Silicon Image and Acacia Research Group ("Acacia").

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Intel's counterclaims pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 2201, and 2202.

5. Nexus has subjected itself to personal jurisdiction by counterclaiming against Intel in the District.

6. Venue is proper in this District under at least 28 U.S.C. § 1391(a), (b), and (c). In addition, Nexus has counterclaimed against Intel in this District.

## BACKGROUND

7. On information and belief, Nexus acquired its alleged rights to the '439 patent in 2014, by assignment from Acacia.

8. On information and belief, Silicon Image had previously assigned the '439 patent to Acacia in 2014.

9. Prior to the assignment to Acacia, on or about October 17, 2012, and for consideration, including membership, participation and potential licensing fees, Silicon Image entered into an express and/or implied contract with VESA members, or alternatively with VESA, to which VESA members and other third party are beneficiaries, in which Silicon Image agreed, among other things, to abide by VESA's policies and rules. VESA's policies and rules, whether formal or informal, including all stipulations, amendments, modifications, requirements and representations in any form, constitute a contract between Silicon Image and VESA's members (including Intel), or alternatively with VESA, to which VESA members and other third parties (such as Intel and its customers) are beneficiaries.

10. VESA's policies and rules require its members and patent holders to submit, among other things, an executed copy of "Exhibit C: IPR Response Form" to VESA's Intellectual Property Rights policy, VESA Policy #200B. Members and patent holders that fill out and execute copies of "Exhibit C: IPR Response Form" represent and warrant that they have reviewed VESA's current policies

regarding intellectual property rights, and agree to comply fully with those policies. Members may also irrevocably agree that a license to any Member or non-member will be made available upon request for any patent or future patent whose use would be required to implement a VESA specification or standard, and that the license will be available under RAND rates, terms and conditions.

11. On or about October 17, 2012, Silicon Image submitted an executed copy of the "Exhibit C: IPR Response Form" of VESA Policy #200B. Silicon Image agreed that it would "license all Patent claim(s) which are owned by it and which is (are) Necessarily Infringed by the use or implementation of the proposed Specification/Standard, on a perpetual … non-exclusive and worldwide basis to those (Members and non-members alike) desiring to use or implement Specification/Standard; and that such a license shall be … [w]ith requirement of paying a royalty or other fee, and under RAND (Reasonable and Non-Discriminatory) terms and conditions (including with respect to the royalty or other fee) that are Reasonable and Non-Discriminatory."

12. Silicon Image indicated on the same "Exhibit C: IPR Response Form" that the Specification/Standards to which Silicon Image's commitment related to were "DisplayPort, iDP, eDP, myDP" (hereinafter "the DisplayPort Standards"). Silicon Image also specifically identified the '439 patent as containing "Necessary Claims" for "current and future revisions of VESA DisplayPort, iDP, eDP, and myDP standards."

13. Silicon Image's representations, conduct and promises, including without limitation, its submission of an executed version of "Exhibit C: IPR Response Form" under VESA Policy #200B representing that it would offer licenses to the '439 patent on RAND terms, created express and/or implied contracts with VESA and its members, or alternatively between Silicon Image and VESA, to which VESA members and other third parties such as suppliers and

users of products that support the DisplayPort Standards are third-party beneficiaries.

14. Nexus holds itself out as holding all rights, title, and interest in and to the '439 patent. As the purported assignee to the '439 patent that was subject to Silicon Image's agreement to offer licenses on RAND terms, Nexus is bound by the agreements, licenses, covenants, obligations, and promises relating to the '439 patent entered into by Silicon Image.

15. On July 11, 2014, Nexus filed patent-infringement complaints in the Eastern District of Texas, accusing Intel customers Dell and Lenovo (United States) Inc. ("Lenovo") of the manufacture, use, sale, importation and/or offer for sale of products and/or methods that allegedly infringe the '439 patent. In its complaints, Nexus sought both enhanced damages and injunctive relief against Dell and Lenovo, despite the RAND licensing commitment to which Nexus and the '439 patent are subject.

16. On April 1, 2015, Nexus filed three patent-infringement complaints in this District, accusing Intel customers Acer Inc., Acer America Corp., ASUSTek Computer Inc., Asus Computer International, and Hewlett-Packard Co. of the manufacture, use, sale, importation and/or offer for sale of products and/or methods that allegedly infringe the '439 patent. *See* Case Nos. 2:15-cv-2400, 2:15-cv-2401, 2:15-cv-2402 (C.D. Cal.). Nexus's complaints again sought both enhanced damages and injunctive relief, despite the RAND licensing commitment to which Nexus and the '439 patent are subject.

17. On June 19, 2015, Nexus filed the patent-infringement counterclaim to which Intel is replying in this pleading, accusing Intel of the manufacture, use, sale, importation and/or offer for sale of products and/or methods that allegedly infringe the '439 patent. Nexus again sought both enhanced damages and

1  injunctive relief, despite the RAND licensing commitment to which Nexus and
2  the '439 patent are subject.

3      18.     As explained, *supra* ¶¶ 7-14, Nexus, as the purported assignee to the
4  '439 patent, is subject to Silicon Image's agreement to offer licenses on RAND
5  terms, and is bound by the agreements, licenses, covenants, obligations, and
6  promises relating to the '439 patent entered into by Silicon Image, including
7  Silicon Image's October 17, 2012 agreement to grant licenses to the '439 patent on
8  reasonable and non-discriminatory terms and conditions pursuant to "Exhibit C:
9  IPR Response Form" of VESA Policy #200B.

10     19.     Intel denies that it or its products infringe the '439 patent.  But as
11 beneficiaries of the rules and intellectual property rights policies of VESA, Intel
12 and its customers have the right to be offered RAND terms and conditions for a
13 license to the '439 patent.

14     20.     Nexus has failed to offer Intel or its customers a license to the '439
15 patent on RAND terms.

16     21.     By asserting the '439 patent against Intel and its customers without
17 offering a license on RAND terms and by seeking both enhanced damages and
18 injunctive relief against Intel and its customers for alleged infringement of the '439
19 patent, Nexus has failed to comply with its RAND obligations under the relevant
20 rules and intellectual property rights policies of VESA and has breached
21 contractual and other legal obligations to which Intel is a beneficiary.

## COUNT I
### (Breach of Contract)

24     22.     Intel repeats and re-alleges all of the allegations in all of the
25 paragraphs above, as if set forth fully herein.

26     23.     As set forth above, Silicon Image's representations, conduct and
27 promises, including without limitation, its submission of an executed version of

"Exhibit C: IPR Response Form" under VESA Policy #200B representing that it would offer licenses to the '439 patent on RAND terms, created express and/or implied contracts with VESA and its members (including Intel), or alternatively between Silicon Image and VESA, to which VESA members and other third parties such as suppliers and users of the products that support the DisplayPort Standards (including Intel and its customers) are third-party beneficiaries.

24. Nexus, as predecessor-in-interest to Silicon Image, is bound by Silicon Image's contractual commitments to license the '439 patent on RAND terms.

25. Nexus breached these contracts by asserting and maintaining its infringement lawsuits against Intel and its customers without offering Intel or its customers a license to the '439 patent on RAND terms and by seeking enhanced damages and injunctive relief against Intel and its customers.

26. By breaching its contractual obligations, Nexus has injured Intel and threatens further injury to Intel in the future, including without limitation, damages resulting from the costs of defending its products and customers in litigation and the costs incurred in developing the DisplayPort Standard and products that support the DisplayPort Standards. Intel is also threatened by loss of profits, loss of customers and potential customers, loss of goodwill and product image, uncertainty in business planning, and uncertainty among customers and potential customers.

## COUNT II

**(Promissory Estoppel)**

27. Intel repeats and re-alleges all of the allegations in all of the paragraphs above, as if set forth fully herein.

28. Silicon Image made statements and engaged in other conduct, including its October 17, 2012 "Exhibit C: IPR Response Form," that represented

-10-

that Silicon Image would license the '439 patent on RAND terms. Silicon Image's representations and other conduct constituted promises to VESA, its members, and third-party beneficiaries (including Intel and its customers) as well as their customers. By making those promises, Silicon Image knew or reasonably should have known that they would have been relied upon.

29. In reasonable reliance on such commitments, companies such as Intel invested resources in developing the DisplayPort Standards and in developing, marketing, selling, and improving products that support the DisplayPort Standards. Nexus, as purported assignee of the '439 patent, is bound by Silicon Image's representations and other conduct constituting promises to VESA, its members and third-party beneficiaries.

30. Nexus, as predecessor-in-interest to Silicon Image, is bound by Silicon Image's promises and other commitments to license the '439 patent on RAND terms.

31. Nexus breached these binding promises by asserting and maintaining its infringement lawsuits against Intel and its customers without offering Intel or its customers a license to the '439 patent on RAND terms and by seeking enhanced damages and injunctive relief against Intel and its customers.

32. Nexus is estopped from reneging on these promises to VESA, its members, designers, and sellers of products implementing DisplayPort Standards under the doctrine of promissory estoppel.

33. Intel and its customers have been damaged and face future damage from their reasonable reliance on Silicon Image's promises, including without limitation, damages resulting from the costs of defending its products and customers in litigation and the costs incurred in developing the DisplayPort Standards and products that support the DisplayPort Standards. Intel is also threatened by loss of profits, loss of customers and potential customers, loss of

1  goodwill and product image, uncertainty in business planning, and uncertainty
2  among customers and potential customers.
3      34.    Intel invokes the Court's equitable powers to address this cause of
4  action.  Intel requests that the Court find that Nexus's standards-related misconduct
5  recited herein renders the '439 patent unenforceable or, in the alternative, that
6  Nexus be required to offer a license to the '439 patent on RAND terms.

## COUNT III
**(Declaratory Judgment of No Entitlement to Injunctive Relief)**

9      35.    Intel repeats and re-alleges all of the allegations in all of the
10 paragraphs above, as if set forth fully herein.
11     36.    There is a dispute between the parties regarding whether Nexus is
12 entitled to injunctive relief if it prevails on its patent infringement claim.  Intel
13 contends that Nexus's sole remedy in this case is to seek payment of royalties on
14 RAND terms.
15     37.    The dispute is of sufficient immediacy and reality to warrant the
16 issuance of a declaratory judgment.
17     38.    Intel is entitled to a declaratory judgment that Nexus is not entitled to
18 injunctive relief even if it proves patent infringement.

## COUNT IV
**(Declaratory Judgment of Unenforceability)**

21     39.    Intel repeats and re-alleges all of the allegations in all of the
22 paragraphs above, as if set forth fully herein.
23     40.    Nexus has counterclaimed against Intel for patent infringement, and
24 the parties dispute whether Nexus's asserted patent is enforceable.  The dispute is
25 of sufficient immediacy and reality to warrant the issuance of a declaratory
26 judgment.

41. Nexus has deliberately failed to honor, as it must as the purported assignee of the '439 patent, Silicon Image's representations to VESA that it would license the '439 patent on RAND terms. Nexus breached those RAND commitments and acted unfairly and unreasonably by failing to offer a RAND license to Intel's customers or to Intel and instead suing Intel's customers and counterclaiming against Intel for infringement of the '439 patent (including requests for injunctive relief and enhanced damages).

42. Intel is entitled to a declaratory judgment that Nexus's course of misconduct in connection with its obligations pursuant to the standards-setting process described above and/or other circumstances renders Nexus's '439 patent unenforceable by virtue of estoppel, laches, waiver, unclean hands, patent exhaustion, implied license, and/or other equitable doctrines applicable to such misconduct.

## COUNT V

**(Unfair Competition Under Cal. Bus. & Prof. Code § 17200)**

43. Intel repeats and re-alleges all of the allegations in all of the paragraphs above, as if set forth fully herein.

44. By the acts alleged, Nexus has engaged in unfair competition within the meaning of Cal. Bus. & Prof. Code § 17200, et seq.

45. Specifically, Nexus's refusal to meet its RAND obligations regarding patents that it claims to be necessary to the DisplayPort standard constitutes an unfair business act or practice, threatening and harming competition in California and elsewhere.

46. Nexus committed unfair and unlawful business acts or practices by (i) suing Intel and its customers for patent infringement and seeking enhanced damages and an injunction, without making any RAND offer, notwithstanding that – as both Nexus knew and a reasonable person would know – Intel and its

-13-

customers have the right to a RAND license to Nexus's '439 patent by virtue of Nexus's RAND obligations; and (ii) interfering with Intel's actual and prospective business relationships through such actions.  Each of these acts and practices is unlawful and unfair, when the effect of the act or practice on Intel is balanced against Nexus's reasons, justifications, and motives.

47. As a direct, proximate, and foreseeable result of Nexus's wrongful conduct, as alleged above, Intel has suffered harm in California and elsewhere, including being forced to expend resources to defend claims for patent infringement  and through the unavailability of a RAND license despite Nexus's obligations to provide such RAND licenses .  Intel is also is threatened by loss of profits, loss of customers and potential customers, loss of goodwill and product image, uncertainty in business planning, and uncertainty among customers and potential customers.

## **REQUEST FOR RELIEF**

Wherefore, Intel respectfully requests that the Court:

a) Dismiss Nexus's counterclaim in its entirety, with prejudice;

b) Enter judgment in favor of Intel and against Nexus;

c) Adjudge and decree that that Intel has not infringed, and is not infringing, the '439 patent;

d) Adjudge and decree that Nexus is liable for breach of contract, promissory estoppel, and violation of California Business & Professions Code § 17200;

e) Enter judgment against Nexus for the amount of damages Intel proves at trial for breaching the contractual commitment and/or promise to grant licenses to the '439 patent on RAND terms and conditions;

f) On Intel's claim for relief under California Business and Professions Code § 17200, for relief, enter judgment that Nexus has violated the

1    California Unfair Competition Law; enjoin Nexus from further
2    violations of that law; and award all reasonable attorneys' fees and
3    costs;
4    g) Enter judgment declaring that the '439 patent is unenforceable as an
5    equitable remedy;
6    h) In the event that the '439 patent is found valid, infringed, and
7    enforceable, enter judgment requiring Nexus's specific performance
8    of the commitment to grant licenses to the '439 patent to Intel on
9    RAND terms and conditions;
10   i) Enter judgment declaring that Nexus is not entitled under any
11   circumstances to seek injunctive relief preventing Intel or its
12   customers from practicing any DisplayPort Standard;
13   j) Award Intel its costs and expenses for this action, including an award
14   of attorneys' fees under 35 U.S.C. § 285; and
15   k) Award Intel any and all such other relief that the Court deems just and
16   proper.

## DEMAND FOR JURY TRIAL

Intel hereby demands trial by jury on all issues so triable raised by its Counterclaims in Reply.

Dated: July 13, 2015

WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/Aaron Thompson

Aaron Thompson (SBN: 272391)
aaron.thompson@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
350 S. Grand Ave. Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile:  (213) 443-5400

Todd Zubler (pro hac vice)
todd.zubler@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile:  (202) 663-6363

Mark G. Matuschak (pro hac vice)
mark.matuschak@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile:  (617) 526-5000

*Attorneys for Plaintiff Intel Corporation*